UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HOWARD J. KIRSCHNER, | ) |
| | ) 99 Civ. 4828 (RCC) |
| Plaintiff, | ) |
| | ) MEMORANDUM & |
| - against - | ) ORDER |
| | ) |
| IRA KLEMONS, | ) |
| | ) |
| Defendant. | ) |

**RICHARD CONWAY CASEY, United States District Judge:**

A trial has been scheduled in this malicious-prosecution case, which arises out of a 1997 New York State Office of Professional Discipline ("OPD") proceeding brought against Plaintiff, a licensed dentist. The non-party New York State Education Department ("NYSED") has moved to quash the subpoenas ad testificandum of certain witnesses. For the following reasons, NYSED's motion is **GRANTED in PART** and **DENIED in PART**.

**I.     BACKGROUND**

In New York, complaints of professional misconduct by dentists are dealt with by NYSED, the licensing authority for dentists in New York. NYSED grants licenses to dentists for life, unless the Board of Regents of the University of the State of New York ("Regents") determines that a dentist's license should be revoked, annulled, or suspended. Professional disciplinary proceedings go through various stages. Charges are brought against a licensed dentist only after a complaint is investigated by NYSED; the results of the investigation are referred to a professional-conduct officer designated by the Regents; that professional-conduct officer determines that there is substantial evidence of misconduct; the professional-conduct officer consults with a member of the State Board

1

of Dentistry ("Board"); and, if the complaint involves a question of professional expertise, the professional-conduct officer is given the opportunity to seek the concurrence of additional members of the Board. After notice and a statement of the charges are served, a hearing is held before a panel of five members of the Board, which hears evidence and issues a report and recommendation. The resulting report is reviewed by a three-member Regents Review Committee, which issues its own report to the Regents. The Regents then determine whether the dentist is guilty or not guilty of each charge and what penalties, if any, should be imposed. The Regents' decision and order may then be reviewed in a state-court Article 78 proceeding.

Plaintiff's sole remaining claim in this action is for malicious prosecution under New York law against Ira Klemons ("Defendant"), a dentist who served as an expert witness against Plaintiff at the hearing before members of the Board. Plaintiff contends that Defendant, maliciously and without probable cause, initiated the proceeding against him, that the proceeding terminated in Plaintiff's favor, and that the proceeding caused Plaintiff special injury in the form of lost income from his consulting practice as an independent medical examiner.

Defendant, by his counsel, has listed the following individuals in the Revised Joint Pre-Trial Report as among the witnesses that he plans to call at trial: Dr. Ronald Maitland, Dr. Saul Sacks, and Dr. William Calnon (three members of the five-member hearing panel); Dr. Marvin Meister (the Board member who reviewed the matter during the investigatory stage and concurred with the professional conduct officer that charges should be brought against Plaintiff); Dr. Steven Syrop (an outside consultant who reviewed the matter during the investigatory stage); and Nina Gottlieb, Esq. (Director of Prosecutions for the OPD). The non-party NYSED has moved to quash the subpoenas

of these witnesses[1] on the grounds that the testimony sought would intrude upon privileged matters and be unduly burdensome.

## II.   DISCUSSION

### A.   Legal Standard

Rule 45 of the Federal Rules of Civil Procedure provides that, on timely motion, a federal court shall quash a subpoena to appear for oral testimony if the subpoena "requires disclosure of privileged or other protected matter" or "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iii)-(iv). It is well established that "the burden of persuasion in a motion to quash a subpoena issued in the course of civil litigation is borne by the movant." Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 48 (S.D.N.Y. 1996) (internal quotation marks and citations omitted); see also Irons v. Karceski, 74 F.3d 1262, 1264 (D.C. Cir. 1995) ("[T]he party seeking to quash a subpoena bears a heavy burden of proof."). "[D]etermination of issues of burden and reasonableness is committed to the sound discretion of the trial court." Concord Boat, 169 F.R.D. at 49; accord Jones v. Hirschfeld, 219 F.R.D. 71, 74 (S.D.N.Y. 2003) ("Determinations of issues of 'undue burden' are committed to the discretion of the trial court.")

Whether a subpoena subjects a witness to undue burden within the meaning of Rule 45(c)(3)(A)(iv) "depends upon 'such factors as relevance . . . and the burden imposed.'" Concord Boat, 169 F.R.D. at 49 (quoting United States v. Int'l Bus. Mach. Corp, 83 F.R.D. 97, 104 (S.D.N.Y. 1979)). These factors must be "balanced and assessed in the context of an individual subpoena." IBM, 83 F.R.D. at 104. Because the burden is on the party seeking to quash a subpoena, Concord

---

[1] Those portions of NYSED's motion that seek to quash the subpoenas for witnesses who were listed in the parties' initial Joint Pretrial Order but are no longer listed by the parties in their Revised Joint Pretrial Order are moot and the Court does not address them here.

3

Boat, 169 F.R.D. at 48, that party cannot merely assert that compliance with the subpoena would be burdensome without setting forth the manner and extent of the burden and the probable negative consequences of insisting on compliance. And inconvenience alone will not justify an order to quash a subpoena that seeks potentially relevant testimony. Croom v. Western Conn. State Univ., 218 F.R.D. 15, 17 (D. Conn. 2002). A subpoena that "pursues material with little apparent or likely relevance to the subject matter," however, is likely to be quashed as unreasonable even where the burden of compliance would not be onerous. See Concord Boat, 169 F.R.D. at 50 (quoting IBM, 83 F.R.D. at 106-07).

**B.** **Dr. Ronald Maitland, Dr. Saul Sacks, and Dr. William Calnon**

According to the Revised Joint Pre-Trial Order in this case ("RJPTO"), Defendant plans to call Dr. Ronald Maitland, Dr. Saul Sacks, and/or Dr. William Calnon (three members of the five-member hearing panel) as witnesses at trial to testify on issues of commencement and probable cause. (RJPTO at 9.) These non-party individuals were not deposed before trial. There is a transcript of the hearing conducted by the panel that was comprised of these individuals and others, and the panel issued a written determination. There is no indication that calling these individuals to testify at trial would add anything relevant beyond what is contained in the hearing transcript and opinion, and that information itself may not be relevant. Therefore, NYSED's motion to quash is **GRANTED** as to Dr. Maitland, Dr. Sacks, and Dr. Calnon.

**C.** **Nina Gottlieb, Esq., Dr. Steven Syrop, and Dr. Marvin Meister**

For a variety of reasons, the Court is convinced that the burden of compliance does not make the subpoenas of Nina Gottlieb, Esq., Dr. Steven Syrop, and Dr. Marvin Meister unreasonable. Defendant plans to call Nina Gottlieb, Esq.—Director of Prosecutions for the OPD—to testify on

issues of commencement, probable cause, and malice. (RJPTO at 9.) Defendant plans to call Dr. Steven Syrop and Dr. Marvin Meister—who reviewed the matter during the investigatory stage and concurred with the professional-conduct officer and one another that charges should be brought against Plaintiff—to testify on issues of commencement and probable cause. (Id.) It should be noted that Ms. Gottlieb, Dr. Syrop, and Dr. Meister were noticed for their depositions, appeared without objection or motion to quash, and were deposed.

NYSED argues that these witness have "little to offer of relevance to this case" on the grounds that Ms. Gottlieb "is unaware of how the complaints concerning plaintiff came to OPD, . . . did not personally review them . . . [and] does not know . . . [Defendant]"; Dr. Syrop "does not know [Defendant] . . . [and] simply wrote a report concurring that charges should be brought"; and Dr. Meister likewise "does not know [Defendant]." (NYSED Mem. Supp. Mot. Quash at 8-9.) NYSED further argues that "Dr. Meister and Dr. Syrop reviewed the case and concurred in bringing charges [but that] this does not render their testimony relevant or necessary." (Id. at 6.) Yet these are precisely the reasons why the testimony of these witnesses may in fact be relevant and necessary.

As the Court noted in its summary-judgment opinion, to establish a claim for malicious prosecution under New York law, a plaintiff must demonstrate, among other things, "the commencement or continuation of a . . . proceeding by the defendant against the plaintiff . . . [and] the absence of probable cause for the proceeding." Kirschner v. Klemons, No. 99 Civ. 4828 (RCC), 2004 WL 1234050, at *7 (S.D.N.Y. June 2, 2004). That Ms. Gottlieb, Dr. Syrop, and Dr. Meister—all involved in the decision to commence and continue the proceeding against Plaintiff—do not know Defendant is relevant to the determination of whether Defendant himself commenced or continued the proceeding against Plaintiff. Defendant's actions with respect to the

5

proceeding against Plaintiff cannot be viewed in a vacuum, without regard for the prosecution itself. NYSED has failed to persuade the Court for the purpose of this motion to quash that the testimony of these individuals is irrelevant in light of Defendant's plan to elicit testimony regarding a basis, independent of Defendant, for commencement and continuation of the OPD proceeding against Plaintiff. This determination by the Court for the purpose of this motion does not preclude the parties from raising relevancy objections to the testimony of these non-party witnesses at trial.

NYSED argues that Dr. Meister is 88 years old and requires assistance walking such that it would be an undue burden for his to testify at trial. (NYSED Mem. Supp. Mot. Quash at 8.) NYSED provides no affidavit or specific information regarding the manner and extent of the burden and the injurious consequences of insisting upon compliance by Dr. Meister. Given the limited information presented to the Court and the fact that Dr. Meister attended a deposition without similar objection, NYSED has not met its burden of showing that compliance with a subpoena would subject Dr. Meister to an undue burden now.

NYSED has also failed, as the party seeking to have the subpoenas quashed, to satisfy its burden of demonstrating that any privilege attaches to the subpoenas at issue such that the subpoenas seek privileged information in contravention of the terms of Rule 45. To the extent that Ms. Gottlieb, Dr. Syrop, and Dr. Meister would be called to testify to how the proceeding against Plaintiff was commenced, such testimony need not encroach on their deliberative processes. Further, because these individuals have been deposed regarding the issues about which they would likely be called to testify, any claimed privilege, to the extent that one exists, has been waived. See Peck v. United States, 514 F. Supp. 210, 213 (S.D.N.Y. 1981) (finding that the "voluntary disclosure of a significant portion of the privileged matter . . . waived the qualified official information privilege").

Because NYSED has not met its burden to show that compliance with subpoenas would subject Ms. Gottlieb, Dr. Syrop, and Dr. Meister to "undue burden" or seek privileged information in contravention of the terms of Rule 45, NYSED's motion to quash is **DENIED** as to Ms. Gottlieb, Dr. Syrop, and Dr. Meister.

## III. CONCLUSION

For the foregoing reasons, the State's motion to quash is **GRANTED in PART** (as to Dr. Maitland, Dr. Sacks, and Dr. Calnon) and **DENIED in PART** (as to Ms. Gottlieb, Dr. Syrop, and Dr. Meister).

**So Ordered:** New York, New York
May 18, 2005

_____
**Richard Conway Casey, U.S.D.J.**